Kathryn J. Halford (State Bar No. 68141)
kjhalford@wkclegal.com
Elizabeth Rosenfeld (State Bar No. 106577)
erosnefeld@wkclegal.com
Armine Alajajian (State Bar No. 313211)
aalajajian@wkclegal.com
**WOHLNER KAPLON CUTLER**
**HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA  91436
Telephone:  (818) 501-8030 ext. 305
Facsimile:  (818) 501-5306

Attorneys for  Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – (Western Division)

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS MULTI-BENEFIT TRUST FUND,<br><br>               Plaintiff,<br><br>vs.<br><br>2 AM GROUP LLC, a South Carolina limited liability company, formerly doing business as 2 AM GROUP ONTARIO CA, LLC, a Indiana limited liability company; 2 AM GROUP AEROSPACE LLC, a South Carolina limited liability company, formerly doing business as 2 AM GROUP ONTARIO CA, LLC, a Indiana limited liability company; JOHN J. MACK, as a member of 2 AM GROUP LLC, a South Carolina limited liability company and 2 AM GROUP AEROSPACE LLC, a South Carolina limited liability company; MCCOLL BROTHERS LOCKWOOD LLC, a South Carolina limited liability company, as a member of 2 AM GROUP LLC, a South Carolina limited liability company and 2 AM GROUP AEROSPACE LLC, a South Carolina limited liability company; A. PERRY & COMPANY, LLC, a South Carolina limited liability company, as a member of 2 AM GROUP LLC, a South Carolina limited liability company and 2 AM GROUP AEROSPACE LLC, a South Carolina limited liability company,<br><br>               Defendants. | CASE NO. 2:17-cv-07074-DMG(AGRx)<br><br>The Hon. Dolly M. Gee<br><br>FIRST AMENDED COMPLAINT FOR SPECIFIC PERFORMANCE, BREACH OF CONTRACT, AND VIOLATION OF ERISA<br><br>[29 U.S.C. §§1132, 1145<br> 29 U.S.C. §185] |

Plaintiff alleges as follows:

## JURISDICTION

1.      Jurisdiction is conferred upon this court by the Employee Income Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, et seq., and by section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a).

## VENUE

2.      In accordance with section ERISA § 502(e), 29 U.S.C. §1132(e), and LMRA § 301(a) venue is appropriate in the Central District of California as the place where Teamsters Multi-Benefit Trust ("TMBT") is administered, and where the contractual obligations alleged herein are to be performed.

## PARTIES

3.      The TMBT is an express trust which was established pursuant to collective bargaining agreements between various employers in industries affecting commerce and the Teamsters Local Union No. 572, affiliated with the International Brotherhood of Teamsters ("Union").

4.      The TMBT was created and is maintained pursuant to section LMRA §302(c)(5), 29 U.S.C. §186(c)(5) and is an "employee welfare benefit plan" within the meaning and definition of ERISA §3(1), 29 U.S.C. § 1002(1).  It is a "multiemployer plan" within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A), and ERISA § 515, 29 U.S.C. § 1145.  The TMBT is administered in Los Angeles, within the jurisdiction of this District.

5.      Plaintiff, the Board of TMBT ("Plaintiff" or "Board") is the administrator of the TMBT, and its members are fiduciaries with respect to the TMBT within the meaning of ERISA § 21(A), 29 U.S.C. § 1002(21)(A).

1

2       6.    Plaintiff is informed and believes and thereon alleges that during all

3 times relevant herein, Defendant, 2 AM GROUP LLC, a South Carolina limited

4 liability company,  formerly doing business as 2 AM GROUP ONTARIO CA,

5 LLC, a Indiana limited liability company, has conducted business within the

6 jurisdiction of this district;

7       7.    Plaintiff is informed and believes and thereon alleges that during all

8 times relevant herein, Defendant, 2 AM GROUP AEROSPACE LLC, a South

9 Carolina limited liability company, formerly doing business as 2 AM GROUP

10 ONTARIO CA, LLC, a Indiana limited liability company, has conducted business

11 within the jurisdiction of this district;

12       8.    Plaintiff is informed and believes and thereon alleges that during all

13 times relevant herein, Defendant, JOHN J. MACK, as a member of 2 AM

14 GROUP LLC, a South Carolina limited liability company, formerly doing

15 business as 2 AM GROUP ONTARIO CA, LLC, an Indiana limited liability

16 company, and 2 AM GROUP AEROSPACE LLC, a South Carolina limited

17 liability company, formerly doing business as 2 AM GROUP ONTARIO CA,

18 LLC, an Indiana limited liability company, has conducted business within the

19 jurisdiction of this district;

20       9.    Plaintiff is informed and believes and thereon alleges that during all

21 times relevant herein, Defendant, MCCOLL BROTHERS LOCKWOOD LLC, a

22 South Carolina limited liability company, as a member of 2 AM GROUP LLC, a

23 South Carolina limited liability company, formerly doing business as 2 AM

24 GROUP ONTARIO CA, LLC, an Indiana limited liability company, and 2 AM

25 GROUP AEROSPACE LLC, a South Carolina limited liability company,

26 formerly doing business as 2 AM GROUP ONTARIO CA, LLC, an Indiana

27

28

COMPLAINT FOR SPECIFIC PERFORMANCE, BREACH OF CONTRACT, AND VIOLATION OF ERISA

1  limited liability company, has conducted business within the jurisdiction of this

2  district;

3      10.    Plaintiff is informed and believes and thereon alleges that during all

4  times relevant herein, Defendant, A. PERRY & COMPANY, LLC, a South

5  Carolina limited liability company, as a member of 2 AM GROUP LLC, a South

6  Carolina limited liability company, formerly doing business as 2 AM GROUP

7  ONTARIO CA, LLC, an Indiana limited liability company, and 2 AM GROUP

8  AEROSPACE LLC, a South Carolina limited liability company, formerly doing

9  business as 2 AM GROUP ONTARIO CA, LLC, an Indiana limited liability

10 company, has conducted business within the jurisdiction of this district.

11 (Collectively "2 AM" or "Defendants").

12     11.    Plaintiff is informed and believes that Defendants are in the

13 possession and/or control of all records or have records of 2AM for the period of

14 January 1, 2012 through February 17, 2014.

15     12.    This complaint is prosecuted pursuant to LMRA § 301, 29 U.S.C.

16 §185, against an employer engaged in an industry affecting commerce.

17 **<u>FIRST CLAIM FOR RELIEF</u>**

18 **(Breach of Contract)**

19 **(Specific Performance)**

20     13.    Plaintiff hereby realleges each and every allegation contained in

21 paragraphs 1 through 11, as if fully set forth herein.

22     14.    On or about January 1, 2012, 2 AM entered into a written

23 collective bargaining agreement ("Labor Agreement") with the Teamsters Local

24 Union No. 495, whereby the Defendant agreed to become a participant and make

25 contributions to the TMBT on behalf of its employees performing work covered

26 by the Labor Agreement. A true and correct copy of relevant portions of the

27

28

Labor Agreement is attached hereto and incorporated herein as Exhibit "1." During all times relevant herein the Labor Agreement was in full force and effect.

15.     On or about January 1, 2012, 2 AM also executed a Trust Acceptance and Contract Data form ("Trust Acceptance"), whereby 2 AM became bound to the terms and conditions of the Restated Agreement and Declaration of Trust establishing the TMBT ("Trust Agreement") and agreed to pay contributions at specified rates to the TMBT on behalf of employees performing work covered by the Labor Agreement.  A true and correct copy of the Trust Acceptance executed by 2 AM is attached hereto and incorporated herein by this reference as Exhibit "2".  The Labor Agreement and Trust Agreement are collectively referred to as "Agreements."

16.     The Agreements require each employer to submit reports and pay contributions to the TMBT on behalf of all covered employees on or before the twentieth (20th) day of the month preceding the month of coverage. Reports and contributions are delinquent if not received or postmarked by the tenth day (10th) day of the month for which coverage is provided.

17.     The Trust Agreement providing for the TMBT states that "[t]he Trustees, or their designated representatives, upon notice to the Employer, shall be permitted at time reasonably convenient to the Employer to make an inspection or audit of the Employers' payroll and employment records, or any the records, required by such auditors to attest to the accuracy of the payments by the Employer to the Trust Fund." [Article IV, F.]

18.     The Trust Agreement states that the Trustees shall have the power to demand, collect, receive, and hold Employer Contributions, and to take all steps and proceedings deemed necessary by law or by such Trustees to effectuate the collection of any monies due the Trust, and the Employer agrees to pay the

Trustees or their designee Contributions for each Employee performing work under the Collective Bargaining Agreement or other agreement requiring Contributions to be paid to the Trust. Employer Contributions are due on or before the Twentieth (20th) day of the month preceding the month of coverage and shall be deemed delinquent if not received before the tenth (10th) day of each month for which coverage is provided during the term of this Trust, or the term of such Collective Bargaining Agreement or other agreement.

19.     Plaintiff has determined that the following records of 2 AM must be made available for inspection, and are necessary for the Plaintiff to determine whether all contributions have been properly reported and paid in accordance with the Agreements for the period of January 1, 2012 through February 17, 2014:

- Original payroll information, including payroll, time cards, company time sheets, etc.
- Payroll journals and payroll earnings records
- State quarterly payroll tax returns with continuation sheets indicating wages paid to all employees
- Reconciliation of wages paid to quarterly returns
- Personnel records, general disbursements and general ledger records
- Employer's quarterly federal tax returns form 941
- Employees' W-2 forms
- Accounts payable
- Cancelled checks, check stubs and back-up information
- Workers compensation information and reports
- Any other information pertaining to the company's payroll system
- A copy of the Statement of Domestic Stock Corporation or Articles of Incorporation, if applicable
- Any other information regarding your company's structure

20.　In accordance with the provisions of the Trust Agreement and the exercise of their fiduciary duties required by federal statutory and common law, Plaintiff demanded that 2 AM submit the foregoing records for auditing in order to ascertain if 2 AM has properly reported and paid contributions in accordance with the Agreements.  Defendant has failed and refused to comply with the Plaintiff's audit demands.

21.　As a result of the breach of the Agreements, Plaintiff is unable to ascertain whether contributions have been properly reported and paid to TMBT for covered work, and Plaintiff has no adequate remedy at law.  The exact amount of damages incurred as a result of the breach has not been determined, but Plaintiff will seek permission of the Court to amend when the amounts are ascertained through audit.

22.　As a result of Defendants' failure to make records available for audit, it has been necessary for the Plaintiff to retain the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld.

23.　In accordance with the provisions of the Trust Agreement, Plaintiff is entitled to an order requiring Defendants 2 AM to produce the specified records for audit by the Plaintiff, together with reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreements.

24.　Plaintiff has complied with all conditions precedent, if any, to be performed under the terms of the Agreements.

## SECOND CLAIM FOR RELIEF
### (Violation of ERISA)

25.　Plaintiff hereby realleges each and every allegation contained in paragraphs 1 through 24, as if fully set forth herein.

COMPLAINT FOR SPECIFIC PERFORMANCE, BREACH OF CONTRACT, AND VIOLATION OF ERISA

26.     By failing to permit an audit of all requested records by the Plaintiff in accordance with the provisions of the Agreements, Defendant's have violated ERISA §515, 29 U.S.C. §1145.

27.     Without access to the compensation records, Plaintiff is unable to determine whether 2 AM has accurately reported, and/or the amount of the delinquency since reporting is based solely on an Employer's statement and the Plaintiff has no quick, economical, or efficient way to determine if the reported contributions are correct.  Without access to 2 AM's records, Plaintiff will be unable to determine whether benefits have been properly paid which may subject Plaintiff and/or TMBT to penalties, suits and damages for the failure to perform their duties, the gross sum of which is incalculable, speculative, and leading to irreparable damage.

28.     In accordance with the terms of the Trust Agreement and pursuant to ERISA §§502(g)(2)(E) and 515, 29 U.S.C. §§1132(g)(2)(E) and 1145, and ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiff is entitled to and hereby demands as appropriate equitable relief that the Court issue an order requiring Defendants to make records of 2 AM available for audit by the Plaintiff for the period of January 1, 2012 through February 17, 2014.

29.     Plaintiff is informed and believe and upon that basis allege that contributions have not been accurately reported and paid to the Plaintiff and that the audit of the records of Defendants will disclose the correct amount of contributions.

30.     Plaintiff is further informed and believe and upon that basis allege that 2 AM has breached the Agreements and thereby violated ERISA § 515, 29 U.S.C. §1145 by failing to accurately report and pay contributions. Upon ascertainment of the amount of contributions as disclosed by the audit, Plaintiff will seek leave to amend the complaint to assert the claims for unpaid or erroneous contributions, and

1  in accordance with ERISA §502(g)(2), 29 U.S.C. § 1132(g)(2), will seek an award

2  of all unpaid contributions, and liquidated damages, interest, audit costs, court

3  costs and reasonable attorneys' fees in accordance with the provisions of the

4  Agreements.

5        WHEREFORE, Plaintiff prays for judgment against Defendants, 2 AM

6  GROUP LLC, a South Carolina limited liability company, formerly doing

7  business as 2 AM GROUP ONTARIO CA, LLC, a Indiana limited liability

8  company; 2 AM GROUP AEROSPACE LLC, a South Carolina limited liability

9  company, formerly doing business as 2 AM GROUP ONTARIO CA, LLC, a

10  Indiana limited liability company; JOHN J. MACK, as a member of 2 AM

11  GROUP LLC, a South Carolina limited liability company and 2 AM GROUP

12  AEROSPACE LLC, a South Carolina limited liability company; MCCOLL

13  BROTHERS LOCKWOOD LLC, a  South Carolina limited liability company, as

14  a member of 2 AM GROUP LLC, a South Carolina limited liability company and

15  2 AM GROUP AEROSPACE LLC, a South Carolina limited liability company;

16  A. PERRY & COMPANY, LLC, a South Carolina limited liability company, as a

17  member of 2 AM GROUP LLC, a South Carolina limited liability company and 2

18  AM GROUP AEROSPACE LLC, a South Carolina limited liability company,

19  formerly doing business as 2 AM GROUP ONTARIO CA, LLC, an Indiana

20  limited liability company, as follows:

21        **ON ALL CLAIMS FOR RELIEF:**

22       1.    For an Order compelling audit whereby Defendants shall be directed

23  by the Court within a specified time after entry to:

24          A.    Make available 2 AM's specified records and such other

25  records as may be necessary in the opinion of the Plaintiff's auditor, and any other

26  records or information that the Plaintiff requires to examine for the audit period

27  commencing January 1, 2012 through February 17, 2014.

28

B.      Afford to the Plaintiff both ample time and opportunity to examine all of Defendants' materials specified above, without harassment, at such time and at such place as shall be convenient to the authorized representative of the Plaintiff.

2.      That in the event Defendants cannot produce all of the records which the Plaintiff is required to examine, the Court enter an Order Compelling Record Reconstruction where Defendants shall be directed by the Court within a specified time after the entry thereof, to:

A.      Apply to the Federal and State agencies with which Defendants previously filed periodic reports pertaining to employees for copies of Defendants' reports to them for all of the periods for which Defendants cannot produce records; and

B.      Subsequently make available to the Plaintiff all such copies of Defendants' periodic reports to the Federal and State agencies under the conditions set forth in 1(B) above:

3.      For payment of all unpaid contributions disclosed by audit and for liquidated damages and interest assessed on all unpaid contributions in accordance with the Trust Agreement and ERISA for the period of January 1, 2012 through February 17, 2014.

4.      For auditors' fees;

5.      For reasonable attorneys' fees incurred in prosecuting this action;

6.      For costs of suit; and

7.      For such other relief as the court deems appropriate, and for such

COMPLAINT FOR SPECIFIC PERFORMANCE, BREACH OF CONTRACT, AND VIOLATION OF ERISA

1  other legal or equitable relief required by Section 502(g)(2)(E) ERISA, 29 U.S.C.

2  §1132(g)(2)(E).

3  DATED: February 12, 2018       Kathryn J. Halford, Esq.

4  Elizabeth Rosenfeld, Esq.
   Armine Alajajian, Esq.
   WOHLNER KAPLON CUTLER

5  HALFORD & ROSENFELD

6

7  By: *Kathryn J. Halford*

8  Kathryn J. Halford
   Attorneys for Plaintiff
   Board of Trustees of the

9  Teamsters Multi-Benefit Trust

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28