CHRISTOPHER G. WARD, CA Bar No. 238777
  cward@foley.com
KRISTINA M. FERNANDEZ MABRIE, CA Bar No. 318315
  kfernandezmabrie@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE:  213.972.4500
FACSIMILE:   213.486.0065

Attorneys for Defendants 2 AM
GROUP LLC and A. PERRY &
COMPANY, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS MULTI-BENEFIT TRUST FUND, <br><br> Plaintiff, <br><br> vs. <br><br> 2 AM GROUP LLC, a South Carolina limited liability company, formerly doing business as 2 AM GROUP ONTARIO CA, LLC, a Indiana limited liability company; 2 AM GROUP AEROSPACE LLC, a South Carolina limited liability company, formerly doing business as 2 AM GROUP ONTARIO CA, LLC, a Indiana limited liability company; JOHN J. MACK, as a member of 2 AM GROUP LLC, a South Carolina limited liability company and 2 AM GROUP AEROSPACE LLC, a South Carolina limited liability company; MCCOLL BROTHERS LOCKWOOD LLC, a South Carolina limited liability company, as a member of 2 AM GROUP LLC, a South Carolina limited liability company and 2 AM GROUP AEROSPACE LLC, a South Carolina limited liability company; A. PERRY & COMPANY, LLC, a South Carolina limited liability company, as a member of 2 AM GROUP LLC, a South Carolina limited liability company and 2 AM GROUP AEROSPACE LLC, a South Carolina limited liability company, <br><br> Defendant. | Case No. 2:17-CV-07074-DMG(AGRx) <br><br> **DEFENDANTS 2 AM GROUP LLC'S AND A. PERRY & COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> Judge:       Hon. Dolly M. Gee <br><br> Complaint served: March 1, 2018 |

ANSWER TO FIRST AMENDED COMPLAINT
Case No. 2:17-CV-07074-DMG(AGRx)

4839-6854-1031.1

Defendants 2 AM GROUP LLC and A. PERRY & COMPANY, LLC ("Defendants") hereby provide the following Answer and Affirmative Defenses to the First Amended Complaint (the "FAC") filed by Plaintiff BOARD OF TRUSTEES OF THE TEAMSTERS MULTI-BENEFIT TRUST FUND ( "Plaintiff"), as follows:

### JURISDICTION

1.      Paragraph 1 is a contention of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff alleges that "Jurisdiction is conferred upon this court by the Employee Income Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, et seq., and by section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a)."

### VENUE

2.      Paragraph 2 is a contention of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff alleges that "In accordance with section ERISA § 502(e), 29 U.S.C. §1132(e), and LMRA § 301(a) venue is appropriate in the Central District of California as the place where Teamsters Multi-Benefit Trust ("TMBT") is administered, and where the contractual obligations alleged herein are to be performed.

### PARTIES

3.      In response to paragraph 3 of the FAC, Defendants lack sufficient knowledge or information to form a belief about the truth of Paragraph 3 and thus deny each and every allegation therein.

4.      In response to paragraph 4 of the FAC, Defendants lack sufficient knowledge or information to form a belief about the truth of Paragraph 4 and thus deny each and every allegation therein.

5.      In response to paragraph 5 of the FAC, Defendants lack sufficient knowledge or information to form a belief about the truth of Paragraph 5 and thus deny each and every allegation therein.

6.      In response to paragraph 6 of the FAC, Defendants deny.

7.      In response to paragraph 7 of the FAC, Defendants lack sufficient knowledge or information to form a belief about the truth of Paragraph 7 and thus deny each and every allegation therein.

8.      In response to paragraph 8 of the FAC, Defendants deny.

9.      In response to paragraph 9 of the FAC, Defendants lack sufficient knowledge or information to form a belief about the truth of Paragraph 9 and thus deny each and every allegation therein.

10.     In response to paragraph 10 of the FAC, Defendants deny.

11.     In response to paragraph 11 of the FAC, Defendants deny.

12.     Paragraph 12 is a contention of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff alleges that "This complaint is prosecuted pursuant to LMRA § 301, 29 U.S.C. §185, against an employer engaged in an industry affecting commerce."

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

### (Specific Performance)

13.     Defendants re-allege paragraphs 1 through 12 of this Answer as if fully set forth herein.

14.     In response to paragraph 14 of the FAC, Defendants lack sufficient knowledge or information to form a belief about the truth of Paragraph 14 and thus deny each and every allegation therein.

15.     In response to paragraph 15 of the FAC, Defendants lack sufficient knowledge or information to form a belief about the truth of Paragraph 15 and thus deny each and every allegation therein.

16.     In response to paragraph 16 of the FAC, Defendants lack sufficient knowledge or information to form a belief about the truth of Paragraph 16 and thus deny each and every allegation therein.

17.     In response to paragraph 17 of the FAC, Defendants admit in part and deny

in part.  Defendants admit that the following language is contained in Exhibit "1" to Plaintiff's FAC: "[t]he Trustees, or their designated representatives, upon notice to the Employer, shall be permitted at time reasonably convenient to the Employer to make an inspection or audit of the Employers' payroll and employment records, or any the records, required by such auditors to attest to the accuracy of the payments by the Employer to the Trust Fund."  Defendants deny each and every remaining allegation.

18.     In response to paragraph 18 of the FAC, Defendants admit that Article XII, section 2, of Exhibit 1 to the FAC states the following: "Employer will commence contributions, for the above benefits, beginning with the first month of coverage. Monthly employer contributions shall be due on the twentieth (20) day of the calendar month proceeding the month of coverage and shall be paid not later that the tenth (10th) day of the month of coverage, Employer contributions received later that the tenth (10th) day of the month of coverage shall be subject to late fees and liquidated damage fees as established by the Trust Fund."  Defendants deny each and every remaining allegation.

19.     Paragraph 19 does not contain well-pleaded allegations of fact and therefore requires no response.  To the extent a response is required, each and every allegation in Paragraph 19 is denied.

20.     Paragraph 20 does not contain well-pleaded allegations of fact and therefore requires no response.  Moreover, Paragraph 20 is a contention of law to which no response is required.  To the extent a response is required, each and every allegation in Paragraph 20  is denied.

21.     In response to paragraph 21 of the FAC, Defendants deny each and every allegation.

22.     In response to paragraph 22 of the FAC, Defendants deny each and every allegation.

23.     In response to paragraph 23 of the FAC, Defendants deny each and every allegation.

24.     In response to paragraph 24 of the FAC, Defendants deny each and every

allegation.

## SECOND CLAIM FOR RELIEF

### (Violation of ERISA)

25.     Defendants re-allege paragraphs 1 through 24 of this Answer as if fully set forth herein.

26.     In response to paragraph 26 of the FAC, Defendants deny each and every allegation.

27.     In response to paragraph 27 of the FAC, Defendants deny each and every allegation.

28.     In response to paragraph 28 of the FAC, Defendants deny each and every allegation.

29.     In response to paragraph 29 of the FAC, Defendants deny each and every allegation.

30.     In response to paragraph 30 of the FAC, Defendants deny each and every allegation.

## ON ALL CLAIMS FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief prayed for in the FAC.

## AFFIRMATIVE DEFENSES

Without admitting to the truth of any of the allegations in Plaintiff's FAC that have been previously denied; without conceding that Defendants bear any burden of proof as to the allegations in Plaintiff's FAC or that any of the following necessarily must be pled as an affirmative defense; and without conceding that any of the following is not already at issue by virtue of the foregoing denials, Defendants assert the following affirmative defenses pursuant to Federal Rule of Civil Procedure 8(c), and reserves the right to supplement and/or amend its affirmative defenses as may be necessary and appropriate as the litigation proceeds:

4839-6854-1031.1

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

Defendants assert and allege that the FAC, and each and every cause of action contained therein, fails to set forth facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Failure To Exhaust Administrative Remedies)

Defendants are  informed and believe, and based thereon allege, that Plaintiff is barred from any recovery on the FAC, and each and every purported claim for relief therein, on the ground that Plaintiffs failed to exhaust their administrative remedies in a timely manner, or at all.

## THIRD AFFIRMATIVE DEFENSE
### (Barred by Statute of Limitations)

Defendants assert and allege that the FAC, and each and every cause of action contained therein, is barred in whole or in part by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel/Ratification/Waiver)

Defendants assert and allege that the FAC, and each and every cause of action contained therein, is barred in whole or in part by the doctrines of estoppel, ratification and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE
### (Excuse, Failure of Condition)

Defendants assert and allege that the FAC, and each and every cause of action contained therein, is barred in whole or in part because performance of any alleged contract in the FAC was excused and/or was not required due to the failure of a condition precedent, concurrent and/or subsequent.

///

///

4839-6854-1031.1

## SIXTH AFFIRMATIVE DEFENSE
### (Full Performance)

Defendants assert and allege that the FAC, and each and every cause of action contained therein, is barred, in whole or in part, because Defendants' alleged obligations, if any, have been fulfilled and discharged.

## SEVENTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

Defendants assert and allege that the FAC, and each and every cause of action contained therein, is barred in whole or in part, pursuant to an accord and satisfaction, and/or are barred to the extent that Plaintiff and/or any current or former employees on whose behalf he brought the action may have entered into or are otherwise bound by compromise, settlement or release agreements regarding those claims.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Defendants assert and allege that the FAC, and each and every cause of action contained therein, is barred in whole or in part under the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (No Breach)

Defendants assert and allege that the FAC, and each and every cause of action contained therein, is barred on the ground that Defendants did not breach the terms of any benefit plan at issue.

## TENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff unreasonably delayed providing notice and in commencing and prosecuting this action which caused unfair prejudice to Defendants, thereby barring any recovery against Defendants under the equitable doctrine of laches.

///

///

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs would be unjustly enriched if allowed to recover on the FAC.

## TWELFTH AFFIRMATIVE DEFENSE

### (Proportionate Liability)

If Defendants are held liable for damages to Plaintiff or any other party, in any amount, then Defendants are only liable in an amount equal to its proportional share of liability.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendants assert and allege that the FAC, and each and every cause of action contained therein, is barred in whole or in part due to Plaintiff's failure to mitigate damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation)

Defendants reserve the right to subsequently assert and add affirmative defenses to the FAC, and any part and/or whole thereof, as they become known to Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief as follows:

1.      That Plaintiff take nothing by way of their FAC;

2.      That Judgment be entered in favor of Defendants;

3.      That Defendants be awarded its costs of suit and attorneys' fees, as permitted by law; and

4.      For such other and further relief as the Court deems just and proper.

///
///
///
///
///

ANSWER TO FIRST AMENDED COMPLAINT

-7-      Case No. 2:17-CV-07074-DMG(AGRx)

DATED:  June 5, 2018

**FOLEY & LARDNER LLP**
Christopher G. Ward
Kristina M. Fernandez Mabrie


_____/s/ Christopher G. Ward_____
Christopher G. Ward
Attorneys for Defendants 2 AM GROUP LLC
and A. PERRY & COMPANY, LLC